OPINION JUDGMENT ENTRY
{¶ 1} Appellant, Amanda Bledsoe, the natural mother of Shane Hollon and Cody Hollon, minor children, appeals from the judgment of the Fairfield County Court of Common Pleas, wherein the court terminated all parental rights of Amanda Bledsoe with respect to her minor children and granted permanent custody of the minor children to the Fairfield County Children's Service. Appellant, Randy Cogar, the natural father of Shane Hollon, a minor child, likewise appeals from the judgment entered in the Fairfield County Court of Common Pleas, wherein his parental rights with respect to Shane Hollon were terminated and the custody of Shane Hollon was ordered to be placed in the permanent custody of the Fairfield County Children's Service. We have sua sponte consolidated the within appeals for the purpose of judicial economy and brevity.
{¶ 2} Appellant mother raises one assignment of error:
{¶ 3} "The trial court erred in finding that the minor children could not be placed with the appellant within a reasonable length of time was against the manifest weight of the evidence."
{¶ 4} Appellant father assigned as error:
{¶ 5} "The decision of the trial court granting permanent custody of appellant's child to Fairfield County Childrens Services was not supported by competent, credible evidence, as the record does not contain clear and convincing evidence that permanent custody was in the child's best interest and that the child cannot be placed with either parent within a reasonable time."
 I.
{¶ 6} On September 7, 2001, Shane Hollon, a minor child, was placed in the custody of the Fairfield County Childrens Services through a Voluntary Care Agreement. November 15, 2001, Shane Hollon was placed in the temporary sheltered custody of the Fairfield County Childrens Service. On December 18, 2001, Shane Hollon was found to be a dependent minor and was placed in the temporary custody of the Fairfield County Childrens Services. On January 8, 2003, the Fairfield County Childrens Services filed a motion for permanent custody with respect to Shane Hollon. A trial on that motion for permanent custody was conducted on April 1, 2003, May 15, 2003, and August 5, 2003.
{¶ 7} On June 12, 2002, Cody Hollon was placed in the temporary shelter custody of the Fairfield County Childrens Services. On August 22, 2002, Cody Hollon was found to be a dependent minor child and was placed in the temporary custody of the Fairfield County Childrens Services. On January 8, 2003, the Fairfield County Childrens Services filed a motion for permanent custody with respect to Cody Hollon. That trial was consolidated and tried together with the proceedings involving Shane Hollon.
{¶ 8} By judgment entered on October 28, 2003, the Fairfield County Court of Common Pleas granted the motion of the Fairfield County Childrens Services for permanent custody regarding Shane and Cody Hollon.
{¶ 9} We now turn to the evidence that was presented as to whether the parental rights of Appellant mother were properly terminated by the trial court.
{¶ 10} R.C. § 2151.414(D) requires a trial court to consider all relevant factors including, but not limited to, five specific statutory criteria to determine the best interests of a minor child in permanent custody proceedings.
{¶ 11} R.C. § 2151.414(D)(1) provides that the court must consider the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers and any other person who may significantly affect the child.
{¶ 12} At the trial of this matter, Ms. Melinda Wingardner, a Parenting Educator for the Fairfield County Childrens Services, testified that Appellant mother "was good with playing with Shane and interacting with him throughout, but often times it was more like a peer or a sibling than like a mother and child relationship." Appellant was also described as making inappropriate threats of consequences to her children. Appellant mother was described as being very controlling and not allowing her children to express their creativity. When Ms. Wingardner would make suggestions to Appellant mother regarding her parenting skills, mother would ignore those suggestions.
{¶ 13} R.C. § 2151.414 requires the court to consider the wishes of the child, with due regard for the maturity of the child. Here, because the minor children are so young, there was no evidence presented as to their wishes with respect to custody.
{¶ 14} R.C. § 2151.414(D)(3) requires the court to consider the custodial history of the child, including whether the child has been in the temporary custody of one or more public childrens services agencies or private child placing agencies for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999.
{¶ 15} Here, the custodial history indicates that Shane Hollon has been in the custody of the Fairfield County Childrens Services since December 18, 2001. As such, there was evidence that Shane Hollon had been in the temporary custody of the Fairfield County Childrens Services for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999.
{¶ 16} The custodial history further established that Cody Hollon had been in the custody of the Fairfield County Childrens Services since August 22, 2002. Therefore, the evidence established that Cody Hollon had been in the temporary custody of the Fairfield County Childrens Services for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999.
{¶ 17} R.C. § 2151.414(D)(4) requires the trial court to consider the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
{¶ 18} Based upon an entire review of the trial transcript, we believe the trial court properly determined that the minor children needed a legally secure permanent placement. We also believe the evidence suggested that that type of placement could not be achieved without the grant of permanent custody.
{¶ 19} R.C. § 2151.414(D)(5) requires the court to consider whether any of the factors of the divisions (E)(7) to (11) of this statutory section apply in relation to the parents and child. We believe from the record before us that the trial court did consider those factors.
{¶ 20} Evidence was presented that Appellant mother has severe cognitive limitations and her intelligence is in the lower five percent of the population. Evidence was presented that based upon Appellant's mental limitations, it was probable that she would make decisions that would be inappropriate and/or risky for her children. Evidence was further presented that Appellant mother does not have the ability to comprehend and facilitate the protection of herself and her children or the ability to appropriately raise her two small children. On the main concerns presented to the trial court was the fact that Appellant mother did not have the necessary support system to protect her children and to raise them in a safe and healthy environment.
{¶ 21} For these reasons, we believe the trial court properly determined by clear and convincing evidence that permanent custody was in the children's best interest.
{¶ 22} Appellant mother also claims the record does not contain clear and convincing evidence that the subject minor children could not be placed with her within a reasonable amount of time or that the children should not be placed with her.
{¶ 23} As indicated before, the evidence in this matter demonstrated that Appellant mother was very resistant to discussing and learning appropriate parenting skills. The evidence also demonstrated that Appellant mother lacked insight concerning her children's needs and her need to protect them. Appellant mother failed to understand that her negativity directed towards her children had a negative affect upon them. Appellant mother had demonstrated anger towards the Fairfield County Childrens Services but directed that anger towards her children. Appellant mother speaks with her children as though they were adults.
{¶ 24} Additionally, evidence was presented that Appellant mother received counseling regarding mental health issues. The evidence demonstrated that Appellant mother made no progress towards any of her goals of counseling. A major concern regarding Appellant mother was her lack of ability to make her own decisions and her inability to follow through with any advice given to counseling and/or parenting skills.
{¶ 25} The evidence also demonstrated that Appellant mother did not have the necessary cognitive skills or social support system for making decisions that would provide her children with adequate emotional and physical protection. Appellant mother lacked cognitive, social and emotional skills that are required to effectively manage social interaction. Appellant mother is limited in her ability to process, analyze, generalize and apply meaningful information, which deficits limit her ability to make effective decisions and solve problems. As a result of these problems, Appellant mother was viewed as likely to continue to unintentionally place her children in high-risk situations. Appellant does not have the cognitive ability to independently parent her children without an appropriate, consistent, and reliable support system. As such, the trial court found that Appellant mother's deficits as set forth above, her history of social isolation and her alleged resistance to services, make it unlikely that she would be able to establish a physically and emotionally safe environment with her children within a reasonable time.
{¶ 26} Finally, evidence was demonstrated that Appellant mother did not have the ability to provide stable housing for the children.
{¶ 27} Based upon this evidence, we agree with the trial court that there was clear and convincing evidence that the subject minor children could not be placed with Appellant mother within a reasonable time and should not be placed with the Appellant mother at any time.
{¶ 28} Accordingly, we hereby overrule Appellant mother's assigned error.
{¶ 29} We now turn to Appellant father's sole assigned error.
{¶ 30} Appellant father claims that there is not clear and convincing evidence to support the trial court's conclusion that permanent custody was not in the best interest of Shane Hollon, a minor child, and that Shane could not be placed with either parent within a reasonable time. We disagree.
{¶ 31} Evidence was presented that Appellant father did not show any willingness to work on his parenting skills. During scheduled visitations between Appellant father and Shane Hollon, Appellant father would either sleep during the visitation or not interact with his child in any way. Appellant father demonstrated anger towards Melinda Wingardner and refused to speak with her. At one point during Ms. Wingardner's trial testimony, Appellant father rose from his seat in the courtroom and walked towards the witness stand in a very slow and deliberate manner until he was stopped by other individuals and redirected away from the witness stand This action demonstrated that Appellant father had difficulty in controlling his anger even in a courtroom setting.
{¶ 32} Appellant father also received mental health services, but was terminated from those services and has demonstrated an inability to cope with stress and act appropriately when subjected to stress.
{¶ 33} Although Appellant father was referred for psychological evaluation, he did not participate in the psychological evaluation. Evidence was demonstrated that Appellant father has had four suicide attempts and is currently taking Depakote. Evidence also demonstrated that Appellant father is bulimic and has admitted that he has had this eating disorder for most of his life.
{¶ 34} Appellant father admitted that he has been to jail on four separate occasions for criminal charges and that his main source of support is Social Security. Appellant father has no driver's license and no motor vehicle.
{¶ 35} Appellant father was given 114 opportunities to visit his son, Shane Hollon, during the pendency of these proceedings. Appellant father chose only to visit with his son 33 times. During some of these visits, as stated before, Appellant father would sleep or not interact with his child.
{¶ 36} Based upon this and other evidence, we believe the trial court properly concluded that there was clear and convincing evidence that permanent custody was in Shane Hollon's best interest and that Shane could not be placed with Appellant father within a reasonable time.
{¶ 37} For these reasons, we overrule Appellant father's sole assigned error.
{¶ 38} For the reasons set forth herein above, we hereby affirm the judgment entered in the Fairfield County Court of Common Pleas, Juvenile Division.
{¶ 39} It is so ordered.
Boggins, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to be divided equally between the Appellants.